GARDEN, JUDGE:
On April 1, 1980, claimant Richard J. Lindroth, an attorney, *61 was employed as an Executive Secretary with the Workmen’s Compensation Fund. When he reported for work, Mr. Lindroth discovered that there was no dictating equipment available for his use. While equipment had been ordered, it appeared that it could not be delivered for four to six weeks. Because the commissioner’s office used cassette dictators, the claimant decided to use his own Panasonic cassette dictator.
Several weeks later, the claimant discovered that his cassette had been stolen from the unlocked desk where he stored it during the evenings and on weekends. Claimant contends that the respondent was under a legal duty to keep the offices locked and to provide locks for the desks of personnel employed in its offices. Mr. Lindroth asserts that the Panasonic had a fair market value of $70.00 to $90.00.
The record is not clear as to the exact legal basis that the claimant contends would impose liability on the respondent agency for the value of the cassette. Certainly the law of bailment would have no application, for the claimant never actually or constructively delivered the cassette to the respondent. The legal duty owed by the respondent to the claimant in situations such as this is discussed in 53 Am.Jur.2d Master and Servant §131 (1970) as follows:
“The law does not impose upon the employer an obligation to rescue his employee’s property from the consequences of a destructive agency for which the employer is not in any way responsible. And it has been held that a master is under no duty to take reasonable care to prevent the theft of his servant’s effects.” (Emphasis supplied.)
The Court, being of the opinion that the respondent owed no legal duty to the claimant in respect to the subject cassette, and, being of the opinion that the claimant assumed the risk attendant upon leaving his cassette in an unlocked desk, must refuse to make an award.
Claim disallowed.